# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
_____

January 23, 2020

**VIA ECF**

Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

　　　　　　　　　　　　　Re:　　*Torres, et al. v. Ethos Gallery 51 LLC,, et al.*,
　　　　　　　　　　　　　　　　　S.D.N.Y., 17-cv-2064 (GHW)

　　　　　　　　　　　　　　　　　*Hernandez et al v. Ethos Gallery 51 LLC,, et al.*,
　　　　　　　　　　　　　　　　　S.D.N.Y., 18-cv-8675 (GHW)

Dear Judge Woods:

　　　This office represents the Plaintiffs in the above referenced matters. Plaintiffs write pursuant to the Court's Order dated 1-22-2020 to provide supplemental information to Court with respect to the fairness of the settlement agreement.

　　　**I.　　The Proposed Settlement is Fair and Reasonable**

　　　Under the settlement, Defendants will pay $405,000 to settle all claims through twenty-one (21) payments. Of the settlement amount, two thirds, or $271,350.00 will go to the Plaintiffs, with $133,350 to go to Plaintiffs' attorneys.

　　　Plaintiffs allege they are entitled to back wages of approximately $1,387,916 from Defendants. Plaintiffs estimate that if they had recovered in full for their claims, exclusive of attorney's fees, they would be entitled to approximately $3,742.486. Plaintiffs accepted an offer to settle in the amount of $405,000. As discussed before Your Honor in a telephone conference on 1-22-2020, Plaintiffs accepted the offer of $405,000 to minimize their risk of losing at trial. The Plaintiffs attended a mediation with Defendants (along with two other sets of Plaintiffs) on May 10, 2018, and there was a dispute over the global settlement offer that was made to all sets of Plaintiffs. At such time, these Plaintiffs rejected the settlement offer made during such mediation session. As time progressed, all Plaintiffs had time to reassess their positions and instead believed the settlement offer made was a better option than facing the risk of losing at trial.

　　　*Lynn's Food* holds a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ.

January 23, 2020
Page 2

0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June00 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). The parties had discussed over figures over time, and throughout discussions with Defendants' counsel, the amount that was ultimately offered and accepted was slightly less than offered. Plaintiffs were advised as to their rights and that their possible recovery in trial could be more, and Plaintiffs nevertheless decided to accept the offer. Plaintiffs recognized the risks to them in proceeding to trial. "A trial on the merits would involve significant risks to Plaintiffs because of the fact-intensive nature of proving liability under the FLSA and NYLL, and in light of the defenses available to Defendants, which would pose substantial risk as to both liability and damages." *Henry v. Little Mint, Inc. 2012 U.S. Dist. LEXIS 108312(S.D.N.Y., July 30, 2012).* The settlement amount in this matter is a fair one in that it minimized the risk to the Plaintiffs.

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs 'claims. Significantly, Defendants vigorously contested the alleged hours worked by the Plaintiffs, duties of the Plaintiffs and the method of Plaintiffs' pay.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II.     Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $133,650 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.

The lodestar amount for Plaintiffs' attorneys' fees is $25,750.30. It is fair and reasonable for Plaintiffs' attorneys to receive one-third of the total settlement amount. Plaintiffs' attorneys and their staff have devoted and will still have to devote additional time to this matter after the Court approves the settlement, including administering the settlement, and addressing non-payment in the event Defendants fail to make timely payment of the settlement amount. Moreover, reducing the amount of the settlement that goes to Plaintiffs' attorneys would be poor public policy, as it would remove an incentive for attorneys for plaintiffs in contingency fee FLSA cases from seeking to obtain the highest possible settlement amount. It also would create a disincentive for plaintiffs' attorney to settle, and instead create an incentive for plaintiffs' attorneys to unnecessarily increase the amount of time they, their adversaries, and the court spend on actions

that can be resolved. See Hyun, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. March 24, 2016) ("the Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate")(quoting McDaniel v. City of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)). Among other things, it could create an incentive for attorneys in FLSA cases to make only minimal efforts to settle cases before settlement conferences, in order to add to their billable fees. This would be an outcome that disserves the plaintiffs, the defendants, and the Court.

While Plaintiffs' counsel is asking for 5 times their lodestar, the amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Also, given Plaintiffs' counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

     i.     Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Mr. Faillace's billable rate is $450 per hour.

January 23, 2020
Page 4

      ii.      Yolanda Rivero is an associate at Michael Faillace & Associates, P.C. She graduated from Albany Law School in 1996. She has practiced as an associate with Michael Faillace & Associates, P.C. from January 2008 until April 2013, and now from April 2019 to present, cultivating a background in labor and employment law, with a focus on FLSA litigation. She is also experienced in other areas of law, such as bankruptcy, commercial and residential real property; and matrimonial actions. Ms. Rivero's billable rate is $350 per hour.

      iii.      Sara Isaacson was an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP, which is a law firm specializing in employment litigation. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. She worked at Michael Faillace & Associates, P.C. from May 2017 until February 2019, where she was responsible for all aspects of the firm's employment docket in federal court. Ms. Isaacson's billable rate was $175 per hour.

      iv.      Paralegals in the firm are billed at $100 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

      Respectfully submitted,

      /s/ Michael Faillace
      Michael Faillace
      MICHAEL FAILLACE & ASSOCIATES, P.C.
      Attorneys for the Plaintiffs

Enclosures

cc: Mitchell Segal, Esq. (via ECF)